IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE TRANMAN, INC. d/b/a THE TRANSMISSION SHOP, and OLM, INC. d/b/a THE TRANSMISSION SHOP, | § § § § § | |
| Plaintiffs | § § | |
| V. | § § | Civil Action No. _____ |
| BRUCE E. GRIFFIN, and CRAIG FENDERSON d/b/a COYOTE ENGINES AND TRANSMISSIONS, | § § § § § | |
| Defendants. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs The Tranman, Inc. d/b/a The Transmission Shop ("Tranman"), and OLM, Inc. d/b/a/ The Transmission Shop ("OLM") (collectively, "Plaintiffs") file this Original Complaint against Defendants Bruce E. Griffin ("Griffin") and Craig Fenderson d/b/a Coyote Engines and Transmissions ("Fenderson") (collectively, "Defendants") on personal knowledge as to all facts regarding themselves and on information and belief as to all other matters, as follows:

### I.

### PRELIMINARY STATEMENT

Defendant Bruce Griffin is a former salesman and agent of both The Tranman, Inc. and OLM, Inc., Plaintiffs in this matter. In this capacity, Griffin used Plaintiffs' property (such as a truck) to enter into sales agreements with current and prospective clients. While Plaintiffs expected Griffin to act in their best interests when Griffin used Plaintiffs' resources, Griffin had other ideas. Instead of promoting Plaintiffs' services, Griffin, while using Plaintiffs' resources, promoted his own competing services to Plaintiffs' clients and business partners.

Upon discovering Griffin's actions, Plaintiffs immediately terminated Griffin in April 2011. Subsequently, Griffin and his partner in his competing venture, Craig Fenderson, embarked on a malicious campaign to defame, disparage, and otherwise interfere in Plaintiffs' business.

Further, Griffin and Fenderson decided to trade on Plaintiffs' name by registering the Internet domain name, www.the-transmission-shop.com (Plaintiffs' website is located at www.thetransmissionshop.com). Defendants' newly registered Internet domain name, www.the-transmission-shop.com, directs users to Defendants' website for their new competing enterprise—Coyote Engines and Transmissions.

Plaintiffs bring this action to enjoin Defendants' unlawful conduct as well as to be justly compensated for the damages they incurred.

## II.

## PARTIES

### A. Plaintiffs

1. Plaintiff The Tranman, Inc. d/b/a The Transmission Shop is a Texas corporation with its principal place of business in Garland, Texas. Tranman provides automotive repair services in the Dallas, Collin, Denton and Grayson Counties.

2. Plaintiff OLM, Inc. d/b/a The Transmission Shop is a Texas corporation with its principal place of business in Garland, Texas. OLM provides automotive repair services in the Dallas, Collin, Denton and Grayson Counties.

### B. Defendants

3. Defendant Bruce E. Griffin is an individual who, upon information and belief, is a citizen of the State of Texas, and may be served at 3505 High Bluff Drive, Dallas, Dallas County, Texas 75234.

4. Defendant Craig Fenderson d/b/a Coyote Engines and Transmissions is an individual who, upon information and belief, is a citizen of the State of Texas, and may be served at 4000 Ace Lane, Trailer 40, Lewisville, Denton County, Texas 75067-8017.

### III.

### JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this civil action presents a federal question as Plaintiffs present a civil claim arising under the Constitution, laws, or treaties of the United States.

6. This Court has personal jurisdiction over Griffin because is a resident of the State of Texas and he has committed torts inside Texas.

7. This Court has personal jurisdiction over Fenderson because is a resident of the State of Texas and he has committed torts inside Texas.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because (1) a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Texas and this District, (2) Defendants have committed and continues to commit tortious acts in the State of Texas and this District, and (3) Defendant Griffin resides in this District and all Defendants reside in the State of Texas.

### IV.

### FACTUAL BACKGROUND

**A.**   **The Tranman, Inc. and OLM, Inc. And Their Businesses**

9. For ten years, Tranman and OLM have operated auto repair services that conduct business under the assumed name "The Transmission Shop." These businesses are primarily engaged in the repair of car transmissions.

10. Over the years, Tranman and OLM have garnered a well-deserved reputation for honest and fair dealing.

11. Since 2002, Tranman and OLM have operated a joint website under the name "The Transmission Shop" on the Internet at the website address of www.thetransmissionshop.com. More than 50% of Plaintiffs' business comes from Plaintiffs' Internet marketing.

12. Plaintiffs also obtain business by entering into exclusive referral agreements with other automotive repair companies.

13. Together, Tranman and OLM registered the assumed name "The Transmission Shop" in Dallas, Collin, Denton, and Grayson Counties.

14. In January 2011, Tranman registered the assumed name, "The Transmission Shop," with the Texas Secretary of State for use in the entire state of Texas.

**B.    Plaintiffs Hire Griffin As Their Salesman And Agent.**

15. In 2008, Plaintiffs hired Defendant Bruce Griffin to work as Plaintiffs' salesman and agent. Griffin was paid separately by Tranman and OLM.

16. In this capacity, Griffin used Plaintiffs' resources, such as a truck, to meet with other automotive repair companies. Griffin was tasked with representing Plaintiffs to these automotive repair companies for the purpose of entering into exclusive referral contracts with them.

**C.    Unbeknownst To Plaintiffs, Defendants Form Coyote Engines And Transmissions To Compete Against Plaintiffs.**

17. While Griffin was still working as Plaintiffs' salesman and agent, on or about April 21, 2011, Griffin and Fenderson created a website for their competing business, Coyote Engines and Transmissions.

18. The website for Coyote Engines and Transmissions is located on the Internet at the address www.coyoteengines.com.

19. Despite the fact that Griffin was still acting as Plaintiffs' agent and salesman, Griffin worked to promote his competing enterprise, Coyote Engines and Transmissions.

20. Griffin used Plaintiffs' resources, such as Plaintiffs' truck, to travel to Plaintiffs' clients and business partners to promote Coyote Engines and Transmissions.

21. Fenderson filed for the assumed name "Coyote Engines and Transmissions" for Defendants' competing enterprise in Dallas County on or about May 2, 2011.

**D.   Plaintiffs Terminate Griffin**

22. On or about April 29, 2011, Plaintiffs discovered that Griffin was using Plaintiffs' resources for his own personal use.

23. Upon discovering this fact, that same day, Plaintiffs terminated their business relationship with Griffin.

**E.   Griffin And Fenderson Defame And Disparage Plaintiffs On Yahoo!.**

24. On or about May 6, 2011, Griffin and Fenderson initiated a campaign to attack Plaintiffs over the Internet.

25. To this end, Griffin and Fenderson posted false, negative, and disparaging reviews about Plaintiffs on Yahoo!.

26. On Yahoo!, Griffin and Fenderson posted a false review of Plaintiffs. This review can be found at http://local.yahoo.com/info-18616669-the-transmission-shop-garland?tab=reviews#reviews and http://local.yahoo.com/info-18616669-the-transmission-shop-garland?csz=Wylie%2C+TX.

27. Under the screen name "Bobbo," Defendants published the following statements about Plaintiffs:

Had them do a rebuild for me, less then a month had to bring it back for a leak and loose bolts. One year and a week after it was rebuilt and 5k miles it came apart and they would not touch it. Will never let them touch any of my cars. They are Awful.

* * *

I have the 2001 Dodge that broke down in Jackson Tennessee you would not pay for the tow and I could not get a trailer big enough for my truck to get it back to you so I had to shell out 3k for a rebuild to get out of Tennessee and they wanted 500 for the core. You where Zero help remember me now?

* * *

I called you personaly and you did nothing you mealy mouth. I shelled out 3k already for a rebuilt trans and the tranny you rebuilt went back as a core. I dont need your help now I needed it when I was stuck in Tennessee. No campaign, just the facts.

* * *

You have no intention of helping me with my bill you had your chance to do that and all I got was hot air. So stop dismissing me as a way to justify your problems.

* * *

You run your business with as much ignorance as your comments. You are clueless and looking at your other comments you gave your shop a five star and two other local Transmission shops one star each. Explains everything you use other shops to do rebuilds for you, your word is worth nothing. I would recommend a rebuild from a company with a nation wide warranty not a shade tree outfit like this one.

* * *

I see you deleted your other reviews, I guess you did not want people seeing you as the liar you are. Your word is not worth the time of day. Enough said

* * *

You think your slick playing games, deleteing all your posts. Talk about bogus, I talked to you personaly and you did nothing to help me. People can see through your sharade.

28. These statements are false.

**F.   Griffin And Fenderson Register And Use www.the-transmission-shop.com.**

29. On or about May 13, 2011, Fenderson registered the domain name www.the-transmission-shop.com.

30. Presently, when a user directs his web browser to www.the-transmission-shop.com, they are taken to Defendants' website for their new business, Coyote Engines and Transmissions.

**G.   Griffin And Fenderson Defame And Disparage Plaintiffs On Google.**

31. On the same day that Defendants registered the domain name for www.the-transmission-shop.com, Defendants created false, negative, and disparaging reviews about Plaintiffs on Google. These reviews are located on the Internet at http://maps.google.com/maps/place?hl=en&biw=1899&bih=959&rlz=1W1ADRA_en&um=1&ie=UTF-8&q=the+transmission+shop+garland&fb=1&gl=us&hq=the+transmission+shop+garland&hnear=0x864c19f77b45974b:0xb9ec9ba4f647678f,Dallas,+TX&cid=2713505383290878607&dtab=2&ei=GnHVTcbECcWXtwetr6T1Cw&sa=X&oi=local_result&ct=result&resnum=2&ved=0CDIQqgUwAQ and http://maps.google.com/maps/place?hl=en&biw=1899&bih=959&rlz=1W1ADRA_en&um=1&ie=UTF-8&q=the+transmission+shop+garland&fb=1&gl=us&hq=the+transmission+shop+garland&hnear=0x864c19f77b45974b:0xb9ec9ba4f647678f,Dallas,+TX&cid=2713505383290878607&dtab=2&ei=GnHVTcbECcWXtwetr6T1Cw&sa=X&oi=local_result&ct=result&resnum=2&ved=0CDIQqgUwAQ.

32. Under the screen name "the-transmission-shop.com" (Defendants' newly registered domain name), Defendants made the following statements about Plaintiffs:

> Coyote Engines and Transmissions would like to extend our thanks to The Transmission Shop owner Mike Adams for giving us the inspiration for starting our new website domain http://www.the-

> transmission-shop.com . After Mike fired and refused to pay his No. 1 Salesman in the United States we were extremely happy to pick him up as we know he will continue to make us ungodly amounts of money. Because Mike has harassed us over the phone and made threats it just gives us more fuel to sell more transmissions in the Dallas - Fort Worth metroplex. Hats off to you Mike for all you've done.

33. This review is false because Plaintiffs' owner, Mike Adams, never "refused to pay his No. 1 Salesman in the United States," and he never harassed Defendants over the phone or threatened Defendants.

34. Later that same day, under the screen name "Working for America," Defendants made the following statements about Plaintiffs:

> I noticed that this business has 8 complaints with the BBB that have the same generic " The consumer failed to acknowledge acceptance to BBB.". This seems to be very fishy. I find the A+ rating very unreliable.

35. These statements are false.

## H. The Damage Done

36. Griffin and Fenderson's unlawful conduct has had the intended consequence of harming Plaintiffs' reputation and improperly interfering in Plaintiffs' business relationships. Plaintiffs spent years building their business reputations in the form of honest and profitable dealings.

37. As Defendants' unlawful defamatory and disparaging statements about Plaintiffs impeach Plaintiffs' honesty, integrity, and business practices, Plaintiffs' reputation have been irreparably harmed and will continue to be irreparably harmed unless Defendants are enjoined from making additional defamatory and disparaging statements about Plaintiffs.

38. Defendants' unlawful defamatory and disparaging statements have had the effects of lowering Plaintiffs in the estimation of the community, deterring others from associating or

dealing with Plaintiffs, and otherwise exposing Plaintiffs and their owners and executives to contempt and ridicule.

39. As a result of Defendants' defamatory statements, Plaintiffs have lost numerous prospective clients which have resulted in substantial lost revenue.

## V.

## CLAIMS

### A. Count One: Defamation / Libel / Slander

40. Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as if set forth in full herein.

41. Defendants published statements by written communication asserting as fact that Plaintiffs (1) refuse to help their clients, (2) lie to their clients, (3) "refused to pay his No. 1 Salesman in the United States," (4) harassed Defendants over the phone, and (5) threatened Defendants.

42. The statements involved a private matter.

43. The statements referred to Plaintiffs directly.

44. The statements were defamatory because they cast doubt on Plaintiffs' honesty and integrity.

45. The statements were false because Plaintiffs did not (1) refuse to help their clients, (2) lie to their clients, (3) refuse "to pay his No. 1 Salesman in the United States," (4) harass Defendants over the phone, and (5) threaten Defendants.

46. Defendants are strictly liable to Plaintiffs for the defamation because the defamatory statements impeach Plaintiffs' and their executives' honesty, integrity, and business reputation.

47. Defendants' statements were defamatory per se under the common law. Defendants' statements injured Plaintiffs in their profession or occupation.

48. The defamatory statements require no proof of its injurious character because they were obviously hurtful to Plaintiffs.

49. Defendants' false statements directly and proximately caused injury to Plaintiffs, including but not limited to damage to reputation, which resulted in damages in an amount to be determined by the trier of fact.

50. Defendants' unlawful conduct was wanton, willful, and malicious warranting the imposition of exemplary damages in an amount to be determined by the trier of fact.

51. Defendants' unlawful conduct has caused and will, if not enjoined by the Court, continue to cause Plaintiffs irreparable injuries for which there is no adequate legal remedy. Accordingly, Plaintiffs are entitled to temporary and permanent injunctive relief.

### B.   Count Two:  Business Disparagement

52. Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as if set forth in full herein.

53. Defendants made disparaging statements about Plaintiffs' economic interests in that they falsely accused Plaintiffs of (1) refusing to help their clients, (2) lying to their clients, (3) refusing to pay their employees, (4) harassing Defendants, and (5) threatening Defendants.

54. The statements were false because Plaintiffs did not (1) refuse to help their clients, (2) lie to their clients, (3) refuse "to pay his No. 1 Salesman in the United States," (4) harass Defendants over the phone, and (5) threaten Defendants.

55. Defendants published the words with malice because they knew the statements were false and made the statements with the intention to harm Plaintiffs' business.

56. Defendants published the words without privilege.

57. Defendants' false statements directly and proximately caused injury to Plaintiffs, which resulted in damages in an amount to be determined by the trier of fact.

58. Defendants' unlawful conduct was wanton, willful, and malicious warranting the imposition of exemplary damages in an amount to be determined by the trier of fact.

59. Defendants' unlawful conduct has caused and will continue to cause Plaintiffs irreparable injuries for which there is no adequate legal remedy. Accordingly, Plaintiffs are entitled to temporary and permanent injunctive relief.

### C. Count Three: Violation Of The Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d))

60. Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as if set forth in full herein.

61. Plaintiffs are the owners of the marks "The Transmission Shop" and "www.thetransmissionshop.com" which they use in commerce throughout the State of Texas.

62. Plaintiffs have a valid registration for the assumed name "The Transmission Shop" in the State of Texas.

63. Defendants had a bad faith to profit from Plaintiffs' marks.

64. Defendants registered and used the domain name www.the-transmission-shop.com.

65. Defendants' domain www.the-transmission-shop.com is confusingly similar to Plaintiffs' marks.

66. Defendants' unlawful registration and use of the domain www.the-transmission-shop.com was done in bad faith.

67. Defendants' unlawful conduct directly and proximately caused injury to Plaintiffs, which resulted in damages in an amount to be determined by the trier of fact.

68. Pursuant to 15 U.S.C. 1125(d), Plaintiffs are entitled to the transfer of the domain www.the-transmission-shop.com from Defendants to Plaintiffs.

### D. Count Four: Breach Of Fiduciary Duties (Against Griffin Only)

69. Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as if set forth in full herein.

70. As Plaintiffs' agent, Defendant Griffin owed fiduciary duties to Plaintiffs.

71. Defendant Griffin breached his fiduciary duties to Plaintiffs by competing against Plaintiffs and usurping corporate opportunities.

72. Defendant Griffin's breach of fiduciary duties to Plaintiffs directly and proximately caused injury to Plaintiffs, which resulted in damages in an amount to be determined by the trier of fact.

73. Defendant Griffin's breach of fiduciary duties to Plaintiffs directly and proximately benefitted Defendant Griffin in an amount to be determined by the trier of fact.

74. Defendant Griffin's unlawful conduct was wanton, willful, and malicious warranting the imposition of exemplary damages in an amount to be determined by the trier of fact.

### E. Count Five: Aiding And Abetting Breach Of Fiduciary Duties (Against Fenderson Only)

75. Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as if set forth in full herein.

76. As Plaintiffs' agent, Defendant Griffin owed fiduciary duties to Plaintiffs.

77. Defendant Fenderson knew that Defendant Griffin was Plaintiffs' agent.

78. Defendant Fenderson knew that Defendant Griffin owed fiduciary duties to Plaintiffs.

79. Defendant Griffin breached his fiduciary duties to Plaintiffs by competing against Plaintiffs and usurping corporate opportunities.

80. Defendant Fenderson knowingly aided and abetted Defendant Griffin in his breach of his fiduciary duties to Plaintiffs.

81. Defendant Fenderson's unlawful conduct directly and proximately caused injury to Plaintiffs, which resulted in damages in an amount to be determined by the trier of fact.

82. Defendant Fenderson's unlawful conduct directly and proximately benefitted Defendants in an amount to be determined by the trier of fact.

83. Defendant Fenderson's unlawful conduct was wanton, willful, and malicious warranting the imposition of exemplary damages in an amount to be determined by the trier of fact.

**F.  Count Six:  Conversion**

84. Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as if set forth in full herein.

85. Plaintiffs owned a truck used in the everyday operation of their business.

86. Plaintiffs authorized Defendant Griffin to use the truck for the purpose of making sales, entering into contracts with clients, servicing clients, and other proper business purposes.

87. Plaintiffs did not authorize Defendant Griffin to use the truck for his own personal purposes or for the purposes of a competing enterprise.

88. Without authorization, Defendants used Plaintiffs' truck for personal purposes and in the use of their competing enterprise, Coyote Engines and Transmissions.

89. Defendants' conversion of Plaintiffs' truck directly and proximately caused injury to Plaintiffs, which resulted in damages in an amount to be determined by the trier of fact.

90. Defendants' conversion of Plaintiffs' truck was wanton, willful, and malicious warranting the imposition of exemplary damages in an amount to be determined by the trier of fact.

## VI.

## APPLICATION FOR PERMANENT INJUNCTION

91. Plaintiffs reallege and incorporate by reference all preceding paragraphs as fully set forth herein.

92. Plaintiffs further ask the Court to set its application for injunctive relief for a full trial on the issue in this application, and after trial, to issue a permanent injunction against Defendants from disseminating, using, or publishing false, misleading, disparaging, and/or defamatory words and comments concerning Plaintiffs or its owners, officers, directors, and employees.

## VII.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs demands that judgment be entered against Defendants as follows:

(1) That pursuant to federal and Texas state law, the Court issue permanent injunctive relief that Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, be enjoined and restrained, during the pendency of this action and permanently from disseminating, using, or publishing false, misleading, disparaging, and/or defamatory words and comments concerning either (a) The Tranman, Inc. d/b/a The Transmission Shop and its services, (b) OLM, Inc. d/b/a The Transmission Shop and its services, (c) The Tranman, Inc. d/b/a The Transmission Shop's

owners, officers, directors, and employees, and (d) OLM, Inc. d/b/a The Transmission Shop's owners, officers, directors, and employees;

(2) That pursuant to federal and Texas state law, the Court issue permanent injunctive relief that Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, be enjoined and mandated, during the pendency of this action and permanently, to remove the statements they published about Plaintiffs in the Internet as identified herein on the webpages located at the Internet addresses of:

a. http://local.yahoo.com/info-18616669-the-transmission-shop-garland?tab=reviews#reviews,

b. http://local.yahoo.com/info-18616669-the-transmission-shop-garland?csz=Wylie%2C+TX,

c. http://maps.google.com/maps/place?hl=en&biw=1899&bih=959&rlz=1W1ADRA_en&um=1&ie=UTF-8&q=the+transmission+shop+garland&fb=1&gl=us&hq=the+transmission+shop+garland&hnear=0x864c19f77b45974b:0xb9ec9ba4f647678f,Dallas,+TX&cid=2713505383290878607&dtab=2&ei=GnHVTcbECcWXtwetr6T1Cw&sa=X&oi=local_result&ct=result&resnum=2&ved=0CDIQqgUwAQ, and

d. http://maps.google.com/maps/place?hl=en&biw=1899&bih=959&rlz=1W1ADRA_en&um=1&ie=UTF-8&q=the+transmission+shop+garland&fb=1&gl=us&hq=the+transmission+shop+garland&hnear=0x864c19f77b45974b:0xb9ec9ba4f647678f,Dallas,+TX&cid=2713505383290878607&

        dtab=2&ei=GnHVTcbECcWXtwetr6T1Cw&sa=X&oi=local_result&ct=result

        &resnum=2&ved=0CDIQqgUwAQ;

(3)  That pursuant to 15 U.S.C. § 1125(d), the Court order the transfer of the Internet domain www.the-transmission-shop.com from Defendant Fenderson to Plaintiffs;

(4)  That Plaintiffs recover all damages they have sustained in an amount to be determined at trial;

(5)  That Plaintiffs recover compensatory damages in an amount to be determined at trial;

(6)  That Plaintiffs be awarded exemplary damages in an amount to be determined at trial;

(7)  That Defendants be required to pay Plaintiffs' costs, expenses, and reasonable attorney's fees in connection with this action; and

(8)  That Plaintiffs be entitled to such other relief as this Court deems just and equitable.

Dated: May 19, 2011

Respectfully submitted,

**HUTCHERSON LAW**

/s/ Kenton J. Hutcherson_____
Kenton J. Hutcherson
Texas State Bar No. 24050798
Hutcherson Law
10000 North Central Expressway, Suite 800
Dallas, Texas 75231
Tel: (214) 443-4200
Fax: (214) 443-4210
Email: kjh@hutchersonlaw.com

**ATTORNEY FOR PLAINTIFFS**